```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PROSCAPE TECHNOLOGIES, INC.      :      CIVIL ACTION
                                 :
            v.                   :
                                 :
CEGEDIM SA PHARMA CRM DIVISION   :      NO. 09-cv-01217-JF

<u>MEMORANDUM</u>

Fullam, Sr. J.                                     April 21, 2009

       Plaintiff is in the business of developing and distributing marketing and sales effectiveness software solutions.  Plaintiff has established a program, referred to as "The Proscape Authorized Business Partner Program," pursuant to which it trains and licenses "business partners."  On January 31, 2007, plaintiff entered into an "Authorized Business Partner Agreement" with the defendant, Cegedim SA Pharma CRM Division.  The Agreement, which extends to 18 pages of extremely small print, and which includes several additional pages of "addenda," contains provisions prohibiting the defendant from competing with the plaintiff during the term of the Agreement and for five years thereafter.

       Plaintiff alleges that, after the Agreement became effective, the defendant violated the Agreement by acquiring an ownership interest in a firm which competes with plaintiff.  In this action, plaintiff seeks to obtain injunctive relief (among other things) precluding the defendant from continuing to violate the terms of the 2007 Agreement between them.

The Agreement in question is extremely complicated, and contains provisions which, at first blush, cannot easily be reconciled with each other.  There is an arbitration clause, in which both parties agreed that all disputes arising from or related to the 2007 contract would be resolved by arbitration.  The Agreement did, however, permit either party to seek equitable relief from a court to the extent necessary to preserve the status quo pending the arbitration.

On the other hand, the arbitration provision also authorizes the arbitrator to grant injunctive relief if appropriate.  Moreover, in a somewhat puzzling provision, the Agreement seems to provide that, if either party sued the other to obtain judicial relief, that would constitute a waiver of all rights under the 2007 Agreement, and the offending party could not obtain any relief of any kind.

Needless to say, the principal thrust of the 2007 Agreement has been to provide a field day for attorneys.

Plaintiff filed this lawsuit, and sought a temporary restraining order to preclude the defendant from engaging in anti-competitive conduct.  It was asserted that immediate relief was necessary, because the defendant was about to submit a bid on a project which plaintiff intended to bid on.  The hearing on the application for a TRO was conducted by my colleague Judge Pratter, in her capacity as Emergency Judge.  At the hearing before her, the defendant stipulated that it had no intention of bidding on the project in question, and Judge Pratter thereupon

determined that there was no need for immediate relief, and denied the TRO.

At the same time as this lawsuit was filed, plaintiff invoked the arbitration clause, and commenced the process for submitting the dispute to an arbitrator.  According to the parties, an arbitrator will be appointed not later than May 1, 2009.  Plaintiff asserts that an injunction should be entered to preserve the status quo pending completion of the arbitration.  The defendant contends (1) the arbitrator should decide whether interim relief is appropriate; and (2) by resorting to this Court, plaintiff has forfeited all of its claims for relief.

I have concluded that: (1) The suggestion that plaintiff has forfeited all of its rights under the contract cannot be taken seriously.  The Agreement itself contemplates that a party may seek judicial relief to preserve the status quo pending the arbitration proceeding.  (2) All issues, including the need for interim relief to preserve a status quo should be resolved initially by the arbitrator.  (3) The defendant is correct in asserting that all further proceedings in this litigation should be stayed pending completion of the arbitration proceedings.

An Order in conformity with these views will therefore be entered.

                                          BY THE COURT:

                                          /s/ John P. Fullam
                                          John P. Fullam, Sr. J.